COPE, Judge,
concurring.
I join Judge Goderich’s opinion. I would add that, in my view, section 120.57(2)(a)(3), Florida Statutes (1997), does not apply to the Board of Medicine’s choice of discipline.
Section 120.57(2)(a)(3) applies to informal hearings, i.e., hearings in which there are no disputed issues of material fact. The statute states, “If the objections of the parties are overruled, [the agency shall] provide a written explanation within 7 days.” This provision follows a statutory subdivision which *288 declares the right of the parties to present written or oral evidence. See id. § 120.57(2)(a)(2). When read in context, subdivision 3 simply means that if an eviden-tiary objection is overruled, then the agency must provide a written explanation within seven days.
In this case, the administrative prosecutor argued in favor of more severe discipline, and the doctor argued for more lenient discipline. In doing so, each party in a loose sense could be said to be' objecting to the discipline proposal of the opposing side. But that is not the sort of “objection” which is contemplated by section 120.57(2)(a)(3). As Judge Goderich has ably explained, if the Legislature wanted there to be- a written explanation for the agency’s choice of discipline, the Legislature would have enacted within section 120.57(2) a provision similar to section 120.57(l)(j).
There is a sound reason for the difference in the two statutory provisions. In a fprmal hearing under section 120.57(1), Florida Statutes, there is a full evidentiary hearing before an administrative law judge (ALJ). The ALJ has the opportunity to hear the , evidence in person, observe the demeanor of the parties, resolve disputed factual issues, and prepare the recommended order — including the recommendation on discipline. In recognition of the superior vantage point of the ALJ, section 120.57(l)(j) provides that“[t]he agency may accept the recommended penalty in a recommended order, but may not reduce or increase it without a review of the complete record and without stating with particularity its reasons therefor in the order, by citing to the record in justifying the action.” Since the agency which issues the final order — in this case, the Board of Medicine— did not hear the evidence in person, the Board must review the record so that it has the same information base as the ALJ, before disagreeing with the ALJ’s discipline recommendation.
In an informal hearing, by contrast, there are no disputed issues of fact. Consequently, there is no adversary hearing before an ALJ. Instead, the parties appear before the Board to argue regarding the level of discipline which should be imposed. At the informal hearing in this case, the administrative prosecutor presented a recommendation regarding the penalty' which should be imposed. That recommendation is emanating from a partisan — the prosecutor — not from an impartial ALJ. Coming, as it does, from an advocate, the prosecutor’s recommendation is not entitled to any special weight. For that reason, section 120.57(2) does not impose any special burden of justification if the Board wishes to disagree with the sanction proposed by the prosecutor.
The dissenting opinion analogizes the administrative prosecutor’s requested sanction to the sentencing guidelines in criminal law. Thé analogy does not hold. Many administrative agencies, including this one, have adopted administrative guidelines for discipline. Where that is so, those administrative guidelines may be viewed as being analogous to the statutory criminal sentencing guidelines.
However, in the criminal law there is no requirement for a court to articulate reasons for disagreeing with a prosecutor’s requested sentence, and trial judges regularly disagree with prosecutors’ sentencing requests. A departure reason is called for only if the statutory guidelines are departed from. See § 921.0016, Fla. Stat. (1997).
In sum, there are very good reasons why the Administrative Procedure Act treats differently the imposition of discipline in an informal hearing under section 120.57(2), as opposed to discipline after a formal hearing before an administrative law judge under section 120.57(1). I concur in affirming the judgment.